## SOUTHERN RAILWAY CO. *v.* KENTUCKY.*

No. 300. Argued December 4, 7, 1931.—Decided January 4, 1932.

---

* Together with No. 301, *Mellon, Director General of Railroads,* v. *Kentucky.*

*Messrs. Edward P. Humphrey* and *Charles W. Milner,* with whom *Messrs. L. E. Jeffries* and *S. R. Prince* were on the brief, for appellants.

*Mr. Charles N. Hobson* argued the cause and *Messrs. J. W. Cammack,* Attorney General of Kentucky, *Clifford E. Smith,* and *J. P. Hobson* were on the brief, for appellees.

Mr. Justice Butler delivered the opinion of the Court.

This case involves franchise taxes imposed by Kentucky in respect of railroad lines in that State that are a part of the system of appellant, the Southern Railway Company, a Virginia corporation, and here referred to as the Southern system. A judgment of the circuit court of

Woodford county affirmed in the highest court of the State, 204 Ky. 388; 264 S. W. 850, determined that there remained unpaid franchise taxes to be assessed on values of intangible elements amounting to $1,730,090.02 for 1918 and $3,028,592.62 for 1919. These additional values were attributed solely to 127.63 miles of railroad in that State belonging to a Kentucky corporation, the Southern Railway Company in Kentucky. The lines of the Cincinnati, New Orleans and Texas Pacific Railway Company had been held to form a part of the system, but that company paid taxes in Kentucky upon its tangible property and also franchise taxes calculated on the basis of its own net earnings. The Commonwealth originally made no claim against appellants for any taxes in respect of that company's lines. This court, 274 U. S. 76, reversed the judgment of the state court on the ground that the additional values attributed to such 127.63 miles were so excessive and arbitrary as in reality to include property outside Kentucky and that the enforcement by that State of franchise taxes based thereon would violate the due process clause of the Fourteenth Amendment.

After receiving our opinion and mandate, the court of appeals of Kentucky remanded the case to the circuit court; and there the Commonwealth amended its petition so as to claim, in addition to its earlier demands, franchise taxes in respect of the Kentucky mileage of the Cincinnati, New Orleans and Texas Pacific. The facts were stipulated. Appellants maintained below that the proceedings were in conflict with our mandate and that to enforce the taxes claimed would be to tax property outside the Commonwealth. The court adjudged the Commonwealth entitled to recover as to the Kentucky mileage of both companies on the basis of the same values that in the former judgment had been assigned to the line of the Southern Railway Company in Kentucky alone. The court of appeals affirmed. 238

Ky. 638; 38 S. W. (2d) 696. This appeal is under 28 U. S. C., § 344 (a).

Our former decision merely held that the particular application of the state statute then under consideration was repugnant to the due process clause. The judgment now before us is based on a different claim. The remanding of the case by the court of appeals and the filing of an amended petition in the circuit court by the Commonwealth and the trial thereon were not inconsistent with the mandate of this court. *Mutual Life Ins. Co.* v. *Hill*, 193 U. S. 551, 553. *Wolff Packing Co.* v. *Industrial Court*, 267 U. S. 552, 562.

The additional values adjudged are based on average net earnings per mile of the system in the year preceding that for which the franchise taxes are imposed. As shown in our former opinion, net earnings of the 127.63 miles of the Southern Railway in Kentucky were very small for 1917 and there was a large deficit in 1918. But the net earnings per mile of the Cincinnati, New Orleans and Texas Pacific, having 197.5 miles in Kentucky, for both years were high when compared with the average of the system. The values on which the last mentioned company separately paid franchise taxes were excluded.

The Kentucky mileage used in the calculations included certain trackage rights and also the Kentucky lines of the Mobile & Ohio, the Cumberland Railroad and the Cumberland Railway. The court of appeals held that the lines of these three companies were not a part of the system. 193 Ky. 474, 481; 237 S. W. 11. But the Commonwealth shows that, taking both years together, the additional values so arrived at are much less than if the computation had been correctly made. The error operates to the advantage of appellants. They have not shown, and but faintly claim, that when attributed to the entire system mileage in Kentucky, the additional values are so excessive or arbitrary as to

amount to the inclusion of property outside the State. On this record, it cannot be said that the enforcement of franchise taxes on the basis of values established by the judgment would deprive appellants of their property in violation of the due process clause of the Fourteenth Amendment.

The judgment requires that, in addition to the taxes levied for the two years, there shall be paid a penalty of twenty per cent. on the taxes based on the omitted assessment, "which shall be collected and accounted for as other taxes." § 4241. Seventy-five per cent. of the amount so added is for the compensation of officers prosecuting the action. The appellant company maintains that it is not liable for the taxes or the penalty because during 1918 and 1919 the system was in the possession and control of the Director General. And the latter says that the enforcement of the penalty against him would violate the Acts of Congress under which the railroads were taken and operated.

Neither contention can be sustained.

The opinion below shows that the property was not assessed when it should have been because of the failure of the company to report as required. It was not relieved of that duty by any federal law. On the contrary the Act of March 21, 1918, 40 Stat. 451, after requiring every agreement for compensation to the carriers to provide that all taxes during the period of federal control other than certain war taxes should be paid out of operating revenues, § 1, declared that nothing in the Act should be construed to amend, repeal, impair or affect 'the existing laws or powers of the States in relation to taxation. § 15. Whatever may be the rights of the company as between it and the Director General, its obligations under state tax laws remain unaffected by federal enactments.

Referring to the enforcement of the judgment, the court of appeals said (238 Ky., p. 661; 38 S. W. (2d), p. 706):

" The State cannot compel the government of the United States to pay the taxes or the penalty, but it has a lien on the property, which should have been assessed, to secure payment of the taxes," and declared that the penalty is not one where the element of punishment predominates. Our decisions in *Missouri Pacific R. Co.* v. *Ault*, 256 U. S. 554, and *Norfolk-Southern R. Co.* v. *Owens*, 256 U. S. 565, cited by appellants do not apply here. The judgment, as construed by the court of appeals, is a lien upon the railroad properties in respect of which the franchise taxes are collected but does not require payment of the taxes or penalty by the Director General or the United States.

*Affirmed.*

MR. JUSTICE STONE took no part in the consideration or decision of this case.