## HALL v. HELVERING, Commissioner of Internal Revenue.

### Nos. 5835, 5836.

Court of Appeals of the District of Columbia.

Decided Dec. 4, 1933.

Rehearing Denied Jan. 22, 1934.

John A. Selby and Henry Ravenel, both of Washington, D. C., for appellant.

Sewall Key, John McC. Hudson, G. A. Youngquist, C. M. Charest, and Prew Savoy, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

These cases involve income taxes for the years 1921 and 1923, amounting to $12,253.63 and $8,622.09, decided by the Board of Tax Appeals to be due by orders of redetermination of July 12, 1932.

They are here for review under stipulation as provided by the Revenue Act of 1926. They were here before, when an earlier decision of the Board was reversed and the cases remanded for further proceedings. Further proceedings were had, and this appeal is from the decision of the Board rendered therein.

The exact question now presented was not decided on the former appeal, nor was it then suggested by either side, though it seems from the present record that it had been discussed below. By contract executed September 23, 1905, the appellant entered the employ of the

Lincoln National Life Insurance Company, with a yearly salary and commissions on all renewal premiums paid the company from year to year on life insurance written and issued by the company during the continuance of his contract. Such annual commissions grew to considerable amounts, and in time were assigned by the taxpayer in part to his second wife, under a contract whereby she renounced certain interests in his property in favor of his children by a first marriage, and agreed to pay off certain debts of the taxpayer. Under this contract, and another supplementary thereto, the insurance company paid to Mrs. Hall the commissions as provided, which she included in her income tax return.

The question then arose between the appellant and the Commissioner as to whether the assignment to Mrs. Hall constituted a' transfer of future income on which her husband should be taxed, or whether it was an assignment of property.

The Board of Tax Appeals decided it was the former; this court decided it was the latter, reversed the ruling, and sent the case back for further proceedings. 60 App. D. C. 332, 54 F.(2d) 443, 83 A. L. R. 86.

In the further proceedings before the Board, the Commissioner contended that, if the sums received by the wife were not income taxable to the husband, nevertheless the amount she paid out of these sums to discharge the debts of the husband was taxable to the husband.

Whereupon the Board decided that the sums paid by the wife to the creditors of the husband constituted taxable income of the husband, and the fact that it reached his creditors by the hand of his wife acting under a contract with him did not change its character for purposes of taxation.

From that decision this appeal was taken.

When the question arose as to whether there was a deficiency in petitioner's taxes, he appealed to the Board, and thereby stopped the running of the statute of limitations until final determination of that question, but when the case was here before this court did not decide, nor was it asked to decide, whether there was a deficiency in petitioner's income tax.

We decided only that what passed from the husband to the wife under their contract was property, not income; and remanded the case for the further proceedings.

Such further proceedings could only mean to fix the taxpayer's liability, if any, on that basis; which in turn could only mean that the consideration for the assignment should be taken into account; and the laws determining what is gain or loss from the sale of property should be applied to arrive at the tax due.

Unless some mistake appears in the application of those statutes, we are not concerned with the question of fact as to how much of the agreed consideration was actually paid.

That is a question for the Board; but whether the amount so found by the Board to have been paid was gain for purposes of taxation is a question of law, as to which we arrive at the same conclusion as the Board, though by a somewhat different road.

The Board holds that, since the contract between the insurance company was acquired prior to March 1, 1913, with no definite price paid and no market price available, when the husband assigned a portion thereof to his wife in 1920, the amount received from her was all gain, and consequently was all taxable.

We need not discuss whether that would be true had the entire contract been assigned, because that was not done.

But the property that was assigned was a partial interest in the contract for a definite and limited period—five years in all.

In this respect the assignment much resembles a lease for years on a valuable consideration, and, like a lease, the market value of the property of which it transferred a part was immaterial.

And as the usual deductions for taxes and other necessary expenditures available to a lessor did not occur in this case, the petitioner was taxable on the entire money consideration for his assignment, as held by the Board, that is to say, on $56,925 for 1921, and on $34,978.27 for 1923.

Consequently the orders appealed from will be affirmed. Mutual Life Co. v. Hill, 193 U. S. 553, 24 S. Ct. 538, 48 L. Ed. 788; Southern Ry. Co. v. Kentucky, 284 U. S. 341, 52 S. Ct. 160, 76 L. Ed. 327; Wolff Packing Co. v. Industrial Court, 267 U. S. 562, 45 S. Ct. 441, 69 L. Ed. 785; Old Colony Trust Co. v. Commissioner, 279 U. S. 729, 49 S. Ct. 499, 73 L. Ed. 918; Taenzer & Co. v. Chicago, R. I. & P. R. R. Co. (C. C. A.) 191 F. 547; Patillo v. Allen-West Commission Co. (C. C. A.) 108 F. 728; Hawkins v. Cleveland, C. C. & St. L. Ry. Co. (C. C. A.) 99 F. 322; Blair v. Curran (C. C. A.) 24 F.(2d) 390; Christopher v. Burnet,

60 App. D. C. 365, 55 F.(2d) 529; Cement Gun Co. v. Commissioner, 59 App. D. C. 121, 36 F.(2d) 107; U. S. C. Supp. V, title 26, § 1057 (26 USCA § 1057); U. S. C. App. title 26, §§ 1048, 1049a, 1051, 1057, 1224, 1225, 1226, 1248 (26 USCA §§ 1048, 1048c, 1051, 1057 and note, 1224 and note, 1225, 1226, 1248).

Affirmed.

GRONER, Associate Justice (dissenting).

I am unable to concur in the opinion of the court in this case, and I shall state my reasons briefly.

On the former petition for review, we held that the assignment by petitioner to his wife of an interest in an insurance contract was a transfer of a property right, and on that ground we reversed the findings of the Board that it was an assignment of future earnings. When our mandate went down, the Commissioner revived an alternative claim which he had originally urged on the Board but had elected to abandon, or at least not to urge, on the first petition for review. On this formerly unconsidered issue, the Board, without any new evidence, entered its order of redetermination, under which petitioner was required to pay, not only the full amount of the tax originally demanded by the Commissioner, but some four or five thousand dollars more. Assuming, as I do, that it was permissible for the Commissioner to revive the issue unpassed on by the Board at the first hearing, I think the decision of the Board should nevertheless and for another reason be reversed. The Board found that petitioner realized taxable income of $56,925 in 1921 and $34,978 in 1923, as the result of the payment of his debts by his wife out of money received by her from the insurance contract. This determination of amounts I think is wholly unsupported by evidence—there are no findings of fact—and in the teeth of the undisputed oral evidence. The Board rests its decision on two written agreements between petitioner and his wife, but even the Commissioner does not, as I think, seriously contend that either of these papers goes so far. On the other hand, the proved and undenied facts as to the amount paid by petitioner's wife on his debts in the years in question show the amount to be less than one half of that determined by the Board. The case on this new and previously unconsidered issue was, I think, decided by the Board prematurely and without affording either of the parties opportunity to introduce evidence.

I am, therefore, for sending the case back to the Board with instructions to permit the introduction of further evidence relating to the amounts paid by petitioner's wife and when paid.