William B. F. HALL, Aileen Hall Shoaff, Arthur F. Hall, Jr., Alva J. McAndless and Fred B. Shoaff, II, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 11920.

United States Court of Appeals Seventh Circuit.

March 25, 1957.

Clyde J. Cover, Fort Wayne, Ind., for appellant.

Charles K. Rice, Asst. Atty. Gen., Marvin W. Weinstein, Atty., U. S. Department of Justice, Washington, D. C., Phil McNagny, Jr., U. S. Atty., Fort Wayne, Ind., Lee A. Jackson, Atty., Department of Justice, Washington, D. C., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an action for the recovery of income tax alleged to have been erroneously assessed and collected for the year 1941 and the period January 1, 1942 to

November 9, 1942. From an adverse judgment below the plaintiffs appeal.

This is another case which presents an attempt to shift the incidence of taxation from one person to another by means of an anticipatory assignment of income. On July 1, 1905, Arthur F. Hall (hereinafter referred to as decedent) entered into an employment contract with the Lincoln National Life Insurance Company (hereinafter referred to as Lincoln). This contract provided for a basic salary of $2,600 per year and commissions, based upon a percentage of renewal premiums on all life insurance policies written by Lincoln during the period ending fifteen years from the effective date of the contract. Lincoln has continued to this day to pay the commissions under the contract either to decedent, his widow or his children, but only on such life insurance as was written during the fifteen year period.

In 1923 decedent became president of Lincoln and held this office until February 1939. At that time he became chairman of the board of directors and held this office until his death on November 9, 1942.

On March 31, 1932, decedent executed an instrument purporting to be a gift assignment of the employment contract to his wife, Ann O'Rourke Hall, and contingently to his children. Mrs. Hall reported as a part of her gross income all commissions paid to her under the terms of the assignment. She received thereunder $4,749.33 during the year 1941 and $3,799.99 during the period January 1, 1942 to November 9, 1942—the only taxable years involved in this case.

The District Court held that the commissions were taxable as income of the decedent-assignor on the authority of Helvering v. Eubank, 311 U.S. 122, 61 S. Ct. 149, 85 L.Ed. 81, which the trial court considered to be factually identical in all material respects with the instant case. We agree. However, plaintiffs contend that the Eubank case is distinguishable because here the decedent assigned the agency contract, and not merely the right to collect the commissions. Although there is some language in the Eubank opinion that lends color to the suggestion that the majority opinion treated the assignments therein as transferring only the right to collect the commissions, we think the opinion was predicated on the fact that as to at least one of the assignments the agency contract was transferred. But even assuming that plaintiffs are correct, the distinction is without a difference. Neither the assignee's interest nor any interest retained by the assignor would have been any greater or smaller had the assignment in question purported to transfer merely the right to collect the commissions. Plaintiffs, with reference to the tree-fruit metaphor, insist that the agency contract represents the tree and the commissions, the fruit, and that decedent transferred the tree to Mrs. Hall along with the incidence of taxation. The difficulty with this argument is that there was no tree other than decedent himself. The commissions were the result of personal services performed by decedent in the past, and in consideration of these services decedent obtained an enforceable promise from Lincoln that he would be paid a certain percentage of renewal premiums on all life insurance written during the contract period. The agency contract is no more than the embodiment of decedent's employment arrangement with Lincoln, and the commissions "grew" not from this contract, but from the services rendered by decedent to Lincoln. See Strauss v. Commissioner of Internal Revenue, 2 Cir., 168 F.2d 441, certiorari denied 335 U.S. 858, 69 S.Ct. 132, 93 L.Ed. 405. When this transaction is viewed in light of the distinction between a transfer of income derived from an obligation to pay compensation and a transfer of income-producing property, see Blair v. Commissioner of Internal Revenue, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, it must be characterized as the former. Therefore, this is simply a case where income must be taxed to the one who has earned or otherwise has created the right to receive it or to enjoy the benefit of it when paid, notwithstanding the fact that decedent gave away his right to the income in advance of pay-

ment. Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75; Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731.

Plaintiffs' reliance on Hall v. Burnet, 60 App.D.C. 332, 54 F.2d 443, 83 A.L.R. 86, certiorari denied 285 U.S. 552, 52 S. Ct. 408, 76 L.Ed. 942, and Hall v. Helvering, 62 App.D.C. 352, 68 F.2d 339, is misplaced. Those cases involved earlier partial assignments of decedent's employment contract to his wife. The government challenged the assignments on the same grounds urged here, but decedent prevailed. However, the reasoning of the court in those cases was expressly rejected by the decision in the Eubank case, and they are therefore no longer authority on the question presented by this appeal. See Knapp v. Commissioner of Internal Revenue, 40 B.T.A. 1145, reversed Helvering v. Knapp, 2 Cir., 121 F.2d 454, on the authority of Helvering v. Eubank, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81; and Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75.

The second issue presented by this appeal is whether the sum of $2,400 was properly excluded from decedent's tax return for the period January 1, 1942 to November 9, 1942, as an amount received through health insurance within the meaning of Section 22(b) (5), 26 U. S.C.A. (I.R.C.1939). The District Court held that it was not. Decedent for some years prior to 1942 had suffered from arteriosclerosis. In February 1942, he became ill while in Florida, having developed a condition associated with arteriosclerosis. Subsequent to May 11, 1942, decedent did not return to his office, although he continued to occupy himself with company affairs until his death in November 1942. His duties apparently did not make it necessary for him to attend his office each day. Decedent continued to engage in establishing company policy and he frequently conferred with executives of the company, and his secretary worked with him at his home almost every day. In short, it appears that decedent was performing substantially all the duties of his office and that his effectiveness and product output with

regard to company matters were not diminished to any great extent. In addition, the normal procedures utilized by Lincoln in determining whether an employee was entitled to sickness benefits were not followed in decedent's case and the payment of the sum had all the appearances of a salary disbursement. In such circumstances we believe the District Court properly found that the $2,400 was received as compensation for services, and was not an amount received through health insurance within the meaning of section 22(b) (5).

The judgment of the District Court is affirmed.