Richard W. KOCHANSKY,
Petitioner–Appellant,

v.

COMMISSIONER INTERNAL
REVENUE SERVICE,
Respondent–Appellee.

No. 94–70747.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1996.

Decided Aug. 13, 1996.

Richard W. Kochansky, Coeur d'Alene, Idaho, in pro. per., for petitioner-appellant.

Gary D. Allen, David A. Shuster, United States Department of Justice, Washington, DC, for respondent-appellee.

Before BROWNING and CANBY, Circuit Judges, and REA,* District Judge.

CANBY, Circuit Judge:

As part of a divorce settlement, Richard Kochansky ("Kochansky") and his wife, Carol, agreed that a portion of the contingent fee which Kochansky earned by representing a client in a medical malpractice suit would be paid to Carol. After the divorce, the malpractice case was settled favorably and the fee paid. Kochansky appeals the Tax Court's decision that the entire amount of the contingent fee is taxable to Kochansky de-

* The Honorable William J. Rea, United States District Judge for the Central District of California, sitting by designation.

spite the fact that a portion of the contingent fee was distributed to Carol. In addition, Kochansky appeals the Tax Court's judgment upholding the Commissioner's decision to assess against Kochansky a negligence addition to the tax. We affirm the Tax Court with regard to Kochansky's tax liability but we reverse the assessment of the addition to the tax.

## BACKGROUND

Kochansky is an attorney who brought a medical malpractice lawsuit on behalf of the McNarys. Kochansky entered an agreement with the McNarys which provided that Kochansky would be paid for his services on a contingent fee basis. After the McNarys' lawsuit was filed, but before the suit settled, Kochansky and Carol divorced. The divorce agreement provided that Kochansky and Carol would split, after deduction of expenses, the contingent fee earned from the McNarys' lawsuit. After the McNarys' lawsuit settled, a portion of the contingent fee was paid to Carol and a portion was paid to Kochansky. Kochansky paid tax on his portion and Carol paid tax on hers.[1] The Commissioner of Internal Revenue and the Tax Court both determined that Kochansky was liable for the tax on the entire amount of the contingent fee, as well as an addition for negligence. Kochansky appeals. This court has jurisdiction under 26 U.S.C. § 7482.

## ANALYSIS

**I. The Tax Court did not err in holding that the entire contingent fee resulting from the malpractice suit is taxable to Kochansky, despite the fact that Carol's share was paid to her.**

■ Kochansky's case is controlled by ancient precedent.[2] In *Lucas v. Earl*, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731 (1930), the Supreme Court held that income is taxable to the person who earns it. The Court held that Earl, the taxpayer, could be taxed for the whole of his salary and attorney's fees earned by him, even though he had executed a contract whereby half of his earnings were to become the property of his wife. *Id.* at 114–15, 50 S.Ct. at 241. Justice Holmes wrote:

> [T]his case is not to be decided by attenuated subtleties. It turns on the import and reasonable construction of the taxing act. There is no doubt that the statute could tax salaries to those who earned them and provide that the tax could not be escaped by anticipatory arrangements and contracts however skilfully devised to prevent the salary when paid from vesting even for a second in the man who earned it. That seems to us the import of the statute before us and we think that no distinction can be taken according to the motives leading to the arrangement by which the fruits are attributed to a different tree from that on which they grew.

*Id.* Subsequently, the Supreme Court held that assignment of income accruing in the future is also taxable to the assignor. *Helvering v. Eubank*, 311 U.S. 122, 125, 61 S.Ct. 149, 150–51, 85 L.Ed. 81 (1940) (holding that life insurance agent who assigned future renewal commissions is liable for income tax on those commissions). The contingent fee that Kochansky divided with his former wife was compensation for legal services that he rendered, and thus Kochansky must pay tax on the entire amount of the fee.

Kochansky argues that his case is not governed by *Lucas v. Earl* and *Eubank* because the outcome in the medical malpractice suit, and therefore the fee, was "uncertain, doubtful and contingent." *Jones v. C.I.R.*, 306 F.2d 292, 301 (5th Cir.1962); *see also Cold Metal Process Co. v. C.I.R.*, 247 F.2d 864, 872–73 (6th Cir.1957); *Dodge v. United States*, 443 F.Supp. 535, 538 (D.Or.1977). Although *Jones* contains the language upon which Kochansky relies, it is distinguishable from his case. Jones was a construction subcontractor who had earlier transferred all of his assets to a successor corporation; he then assigned to that corporation a disputed claim for past overages claimed on a govern-

---

1. Later, Carol filed a claim for refund of the taxes on her portion of the contingent fee.

2. We review de novo the Tax Court's conclusions of law. *Kelley v. C.I.R.*, 45 F.3d 348, 350 (9th Cir.1995).

ment construction contract. The corporation undertook to pay further expenses of the claim litigation. The Fifth Circuit held that, in the circumstances, the claims award, when paid, was taxable to the transferee corporation and not Jones. One reason offered by the Fifth Circuit was the "uncertain, doubtful and contingent" nature of the assigned claim. *Jones*, 306 F.2d at 301. But the Fifth Circuit also rested its decision on the facts that the assignment contract was conducted at an arm's length, the assignment was for a business purpose, and the assignee undertook to finance the remainder of the litigation. *Id.* at 302. We need not decide here whether *Jones* is a proper interpretation of *Lucas v. Earl;* it is enough that it is very different from Kochansky's case. Jones had transferred his whole business to a corporation that undertook to maintain and finance the litigation of a claim for past construction services. Kochansky transferred nothing but his right to income which, if it arose, was not disputed. He remained in control of his own services, the source or "tree" from which the fruit came.

*Cold Metal* is even more easily distinguished. There the Sixth Circuit held that Cold Metal did not have to pay tax on royalties from patents it had assigned, in part because collection of the royalties was contingent upon the outcome of a lawsuit in which the government was seeking to cancel the patents. *Cold Metal*, 247 F.2d at 866. The court distinguished the *Lucas v. Earl* income-assignment cases as follows:

> Those cases involved a gift of *income* payable in the future, as distinguished from a gift of *income producing property* where the donor relinquishes to the donee not merely the income which is payable in the future, but also complete ownership and control of the property which produces the income.

*Id.* at 871. In the present case, Kochansky did not own, and could not transfer, the McNarys' claim that was producing the contingency. Nor did he transfer himself or his law practice. He continued to render and

control the personal services that produced the fee. He transferred only the right to receive the income. In terms of the tree-fruit analogy, "there was no tree other than [the taxpayer] himself." *Hall v. United States*, 242 F.2d 412, 413 (7th Cir.), *cert. denied*, 355 U.S. 821, 78 S.Ct. 27, 2 L.Ed.2d 36 (1957). That Kochansky's fee was contingent upon the successful outcome of the McNary litigation does not change the fact that, when the fee materialized, it was undisputed compensation for Kochansky's personal services. Under *Lucas v. Earl* and *Eubank*, it was taxable to Kochansky.[3]

■ Kochansky further argues that under Idaho's community property law, Idaho Code 32–906, Carol had a community property interest in the contingent fee at the time of the divorce. Upon divorce, that interest became her sole and separate property, he argues, and therefore she is solely responsible for paying tax on her portion of the malpractice contingency fee. We decline to consider this argument because Kochansky did not raise it in the Tax Court and because the necessary facts to support the existence of a community property interest have not been developed. *See United States v. Kimball*, 896 F.2d 1218, 1219 (9th Cir.1990) ("As a general rule, we will not consider an issue raised for the first time on appeal."), *vacated in part on other grounds*, 925 F.2d 356 (9th Cir.1991).

## II. The Tax Court erred in upholding the addition to tax.

■ In holding that Kochansky's assignment of income is subject to the rule of *Lucas v. Earl*, we recognize that there is language in *Jones* and *Dodge* that may have led Kochansky reasonably to believe that the contingency of his fee rendered the assignment valid for income tax purposes. At least, we had no circuit precedent negating that proposition until today. Although we conclude that the cases upon which Kochansky relied are distinguishable, his reliance on them was not unreasonable. In light of these considerations, we conclude that the Tax Court clearly erred in finding Kochansky

---

**3.** To the extent that *Dodge v. United States*, 443 F.Supp. at 538, may suggest that mere contingency of receipt of income from personal services permits assignment to be effective for income tax purposes, we do not accept its suggestion.

was negligent in understating his income by the assigned amount. *See Wolf v. C.I.R.*, 4 F.3d 709, 715 (9th Cir.1993) (applying clearly erroneous standard of review to the Tax Court's decision to uphold an assessment of a negligence penalty). We therefore reverse that part of the Tax Court's decision that imposed a negligence addition to Kochansky's tax liability.

The parties will bear their own costs on this appeal.

**AFFIRMED IN PART AND REVERSED IN PART.**