T.C. Memo. 1997-192


UNITED STATES TAX COURT


RICHARD W. KOCHANSKY AND MONICA L. MILLER,
F.K.A. MONICA L. KOCHANSKY, Petitioners, <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21791-93.                    Filed April 24, 1997.


Richard W. Kochansky, pro se.

<u>Robert S. Scarbrough</u>, for respondent.



MEMORANDUM OPINION


DAWSON, <u>Judge</u>:  This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to section 7443A(b)(4)and

Rules 180, 181, and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

COUVILLION, Special Trial Judge:  This matter is before the Court on respondent's motion for entry of decision as to which Richard W. Kochansky (petitioner) has filed an objection.  In two notices of deficiency, respondent determined the following deficiencies, additions to tax, and penalties for the years indicated:[2]

|  |  | Additions to Tax | | | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6653(a) | Sec. 6654 | Sec. 6662(b)(1) |
| 1988 | $8,115 | $2,029 | $406 | $36 | -- |
| 1989 | 4,035 | 967 | -- | -- | $807 |
| 1990 | 2,022 | -- | -- | -- | 404 |

At the time the petition was filed, petitioners were legal residents of Idaho.

On the date this case was calendared for trial, the parties filed with the Court a written stipulation to be bound (the stipulation).  There was no evidence adduced on that date other than the stipulation and the exhibits attached thereto.

---

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2]  The deficiencies, additions to tax, and penalty for the years 1988 and 1990 are against Richard W. Kochansky alone.  For 1989, the deficiency, addition to tax, and penalty are against Richard W. Kochansky and Monica L. Miller.

Essentially, the stipulation is an agreement by the parties to be bound by the outcome of an appellate case involving petitioner's 1987 tax year, which, at the time this case was calendared for trial, was pending before the United States Court of Appeals for the Ninth Circuit.  The litigation in the appellate case also originated with this Court, the results of which are set out in Kochansky v. Commissioner, T.C. Memo. 1994-160.  The appeal in that case was not resolved until sometime after the stipulation in the instant case was filed.  In Kochansky v. Commissioner, 92 F.3d 957 (9th Cir. 1996), the Court of Appeals affirmed in part and reversed in part T.C. Memo. 1994-160 regarding petitioner's 1987 tax year.  The deficiency in tax and the imposition of additions to tax under sections 6651(a)(1) and 6661 were affirmed, and the imposition of the addition to tax under section 6653(a) was reversed.  The decision, as thus modified, thereafter became final.

Following petitioner's failure to execute decision documents in the instant case in accordance with the stipulation, respondent filed the motion for entry of decision.

The decision documents prepared by respondent are in accordance with the holding of the Court of Appeals for

petitioner's 1987 tax year.  Kochansky v. Commissioner, supra.
Petitioner does not argue to the contrary.[3]

Petitioner objects to respondent's motion for entry of
decision on the ground that the Court of Appeals based its
holding on the theory that petitioner had made an anticipatory
assignment of income to his former spouse and that under the
rationale of Lucas v. Earl, 281 U.S. 111 (1930), such income was
taxable to petitioner when the income was subsequently realized,
even though a portion of this income (one-half) had been paid to
petitioner's former spouse.  The Court of Appeals affirmed this
Court's holding that rejected petitioner's contention that the
portion of the subject income, when realized, was taxable income
to his former spouse and was not taxable to petitioner.  The
instant case involves identical payments of income that were

---

[3]  The proposed decision, which is part of the motion, includes
concessions by respondent of the sec. 6653(a) addition to tax for
the 1988 tax year and the penalty under sec. 6662(b)(1) for the
1989 and 1990 tax years in accord with the Court of Appeals'
opinion.  Respondent further concedes the addition to tax under
sec. 6654(a) for the 1988 tax year and that petitioner Monica L.
Miller is exonerated from liability as an innocent spouse under
sec. 6013(e) for the 1989 tax year.  As a result of this
concession as to petitioner Monica L. Miller, she executed the
decision documents prepared by respondent and is not a party with
respect to respondent's motion for entry of decision.  The
stipulation also includes a reduction of the income adjustment
against petitioner for the year 1988 from $28,800 determined in
the notice of deficiency to $7,200.

realized during the years 1988, 1989, and 1990.[4]  Petitioner, in

his objection to respondent's motion, alleges:

> 1.  The case of <u>Kochansky v. Commissioner</u>, T.C. Memo. 94-160 at 92 F.3d 957 (1996) was decided by the Court of Appeals on the <u>sole</u> issue raised of "assignment of anticipatory income".
>
> 2.  In those cases pending before this Tax Court, Petitioner has other issues to be raised dealing with tax liability which were not raised in the Court of Appeals case cited above, to wit:
>
>> A.  Community Property issue;
>>
>> B.  IRC §1041
>
> 3.  Petitioner agreed to be bound on the issue of "assignment of anticipatory income" as presented in the Court of Appeals, but never intended to waive other issues in other cases.

---

[4]  Briefly stated, petitioner is an attorney who had filed a medical malpractice action in 1984 on a contingent fee basis.  At the time, petitioner was married to Carol A. Kochansky (Carol). Petitioner and Carol were divorced in 1985.  In the property settlement between them, it was agreed that any fees earned from this litigation (net of petitioner's out-of-pocket costs) would be paid one-half to petitioner and one-half to Carol.  The medical malpractice case was settled in 1987, and a portion of the contingent fee was paid in 1987, of which a portion was paid to petitioner and the remainder was paid to Carol pursuant to the property settlement agreement.  On his 1987 income tax return, petitioner reported only the portion of the fee he had received. This Court and the Court of Appeals for the Ninth Circuit both held that the property settlement agreement between petitioner and Carol constituted an anticipatory assignment of income, and, under <u>Lucas v. Earl</u>, 281 U.S. 111 (1930), the total amount of the fee paid during 1987 constituted gross income to petitioner.  The instant case involves additional amounts of the contingent fee from the same medical malpractice case that were paid to petitioner during 1988, 1989, and 1990, half of which were remitted to petitioner's former spouse Carol pursuant to the property settlement.

Petitioner, in essence, is urging a different theory upon which his liability as to the income in question for 1988, 1989, and 1990 should be determined. Petitioner made the same argument in the Court of Appeals as to his 1987 tax year, and that argument was addressed as follows:

> Kochansky further argues that under Idaho's community property law, Idaho Code 32-906, Carol had a community property interest in the contingent fee at the time of the divorce. Upon divorce, that interest became her sole and separate property, he argues, and therefore she is solely responsible for paying tax on her portion of the malpractice contingency fee. We decline to consider this argument because Kochansky did not raise it in the Tax Court and because the necessary facts to support the existence of a community property interest have not been developed. See United States v. Kimball, 896 F.2d 1218, 1219 (9th Cir. 1990) ("As a general rule, we will not consider an issue raised for the first time on appeal."), vacated in part on other grounds, 925 F.2d 356 (9th Cir. 1991). [Kochansky v. Commissioner, 92 F.3d at 959.]

The petition in the instant case contains no allegations that the income at issue in this case constituted community property income. In an amended petition that was subsequently filed, no allegations were made with respect to the income being community property income. No motions have been filed by petitioner for leave to file an amended petition in order to allege the character of the income at issue as community property income. The stipulation filed by the parties states, in pertinent part:

> 9. The parties hereby agree to be bound to the final outcome of the case of Kochansky v. Commissioner, T.C. Memo. 94-160 (Appeal to 9th Circuit Court of Appeals pending) as to the deficiencies and additions to tax raised in the

current proceeding.  Specifically, issues that <u>Kochansky v. Commissioner</u>, T.C. Memo. 94-160 (Appeal to 9th Circuit Court of Appeals pending) would control would be:

a.  If total receipts to petitioner's, Richard Kochansky's, trust account from the McNary v. Berghan lawsuit are finally determined to be taxable to petitioner in the above-referenced appealed case they will be additional taxable income to petitioner in this case in the amounts set forth in paragraph 2 of this stipulation.

\*        \*        \*        \*        \*        \*        \*

10.  The Tax Court's final opinion in <u>Kochansky v. Commissioner</u>, T.C. Memo. 1994-160 (Appeal to 9th Circuit Court of Appeals pending) shall for all purposes be dispositive of all questions related to the issues in this case, and shall specifically operate as an adjudication on the merits of the settlement issues in this case, and shall specifically operate as an adjudication on the merits of the issues herein to the same extent as would a separate opinion on the merits of the questions related to the issues in this case.

11.  A Decision shall be submitted in this case when the Decision in <u>Kochansky v. Commissioner</u>, T.C. Memo. 1994-160 (Appeal to 9th Circuit Court of Appeals pending) becomes final under I.R.C. § 7481.

There are no provisions in the stipulation allowing petitioner to place in issue other legal theories that would exonerate him from liability.  Petitioner, however, contends that, on the date the stipulation was filed, which was the date the instant case had been calendared for trial, the Court indicated that petitioner would be entitled to raise "other issues".  Specifically, petitioner alleges:

4.  On September 26, 1994, at the time and place scheduled for trial in this matter, Special Trial Judge D. Irvin Couvillion stated that the case would be continued in the event that Petitioner desired to raise other issues not before the Court of Appeals.  Said statement is a matter of

record, but Petitioner does not presently have a transcript copy to attach hereto.

5.  In light of Petitioner's intent, the direction of Judge Couvillion and Petitioner's right to due process, Petitioner desires that this case proceed to trial on other issues, and that Respondent's Motion for Entry of Decision be denied.

Petitioner misconstrues what the Court said or indicated at the time the stipulation was filed.  The Court intended to allow petitioner the opportunity to litigate other issues in the instant case, which were unrelated to the issues in the 1987 case, if there were any unrelated issues.  At the time, the Court had not compared the opinions of this Court and the Court of Appeals as to the 1987 case with the pleadings in the instant case for the years 1988, 1989, and 1990.  A review of both court opinions regarding petitioner's 1987 tax year and the pleadings in the instant case for the subsequent years indicates that there are no unrelated issues to be heard.  The instant case involves the same issue that was decided by this Court and affirmed by the Court of Appeals.  Kochansky v. Commissioner, T.C. Memo. 1994-160, affd. in part, revd. in part 92 F.3d 957 (9th Cir. 1996).  The stipulation in the instant case states unequivocally that the parties agreed "to be bound to the final outcome" of the 1987 case.  There were no qualifying conditions or provisions in the stipulation of the instant case that would allow petitioner to assert a different legal theory as to the character of the income at issue for the years 1988, 1989, and 1990.

A controversy before this Court may be settled by agreement of the parties.  After the parties have entered into a binding settlement agreement, the actual merits of the settled controversy are without consequence.  This Court has declined to set aside a settlement duly executed by the parties and filed with the Court in the absence of fraud or mutual mistake.  Stamm Intl. Corp. v. Commissioner, 90 T.C. 315 (1988); Spector v. Commissioner, 42 T.C. 110 (1964).  Petitioner has not established any basis for disavowal of the stipulation that he and respondent mutually assented to.  The stipulation covers all issues before the Court in the instant case.  Petitioner is bound by that agreement.  He cannot raise other issues that are not in the pleadings or pursue other legal theories that are not in the pleadings and were not allowed in the stipulation.  Respondent's motion for entry of decision will be granted.

An appropriate order will be issued and decision will be entered for respondent.