UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

In Re: CECIL CARL VARNEY,
<u>Debtor.</u>

CECIL CARL VARNEY,

Plaintiff-Appellant,

v.

ANGELA LEA VARNEY,
<u>Defendant-Appellee.</u>

No. 94-2045

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Charles H. Haden II, Chief District Judge.
(CA-93-513-3, BK-92-30056)

Submitted: February 20, 1996

Decided: March 28, 1996

Before NIEMEYER and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cecil Carl Varney, Appellant Pro Se. Jane Moran, Williamson, West
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cecil Carl Varney appeals from the district court's order affirming the bankruptcy court's orders denying a jury trial and granting partial default judgment for Angela Lea Varney in her adversary proceeding and from the district court's order denying reconsideration. The adversary proceeding sought a determination by the bankruptcy court that a debt owed Angela from Cecil was not dischargeable in his bankruptcy case. We affirm the district court's orders.

During the January 1990 state court divorce hearing between Cecil and Angela Varney, Cecil agreed to pay "temporary alimony" of $1000 per month and to continue to pay on "all of the debts of the marriage," including mortgage payments, health insurance, and groceries. Cecil also agreed to pay up to $400 per month on Angela's personal credit cards. The order incorporating this agreement provided for these payments during the pendency of the divorce proceeding. Cecil made the agreed payments from February 1990 through October 1990. Thereafter, he refused to make any payments to Angela either for the agreed alimony or for the marital debts and credit card expenses.

The final divorce decree between Cecil and Angela, entered January 1992, awarded Cecil permanent custody of their child and provided that Angela needed no alimony or maintenance. The decree noted Cecil's failure to comply with his contractual agreement to pay Angela $1000 per month for temporary alimony and $400 per month for credit card debt. Angela was awarded a judgment of $11,000 for the alimony in arrears, and $5200 for payments of the marital debts, plus interest.

Cecil Varney filed a voluntary petition for Chapter 7 bankruptcy relief in January 1992. Angela filed a proof of claim in Cecil's bank-

2

ruptcy, seeking payment of the judgment entered in the divorce case. She also filed an adversary proceeding to determine the dischargeability of her claim in Cecil's bankruptcy case.

The bankruptcy court denied Cecil's request for a jury trial and scheduled trial of the adversary proceeding for 2:30 p.m. on November 3, 1992. Trial was thrice rescheduled, first for 1:30 p.m. on January 4, 1993, then for 1:30 p.m. on February 1, 1993, and finally for March 1, 1993, at 10:00 a.m.

On March 1, 1993, Angela and her counsel appeared for the trial as scheduled. The bankruptcy judge was not present at that time because of pressing matters in Charleston, and his law clerk attended the hearing to advise the parties of the delay. When Cecil failed to appear by 10:30 a.m., the law clerk contacted the judge, who, at approximately 10:47 a.m., advised the clerk to instruct Angela's counsel to prepare an order granting default judgment for Angela due to Cecil's failure to appear for the scheduled trial.

The following day, Cecil filed a motion in opposition to default judgment or, alternatively, a motion for relief from the judgment. He explained that he had mistakenly noted the time for the March 1st hearing as 1:30 p.m., the time the trial was twice previously scheduled. Cecil had also caused a subpoena to issue for his witness to appear at 1:30 on that date. In an affidavit in support of his motion, Cecil stated that on March 1, 1993, he arrived at the courthouse between 10:15 and 10:30 a.m. He remained in the law library until approximately 1:15 p.m., when he proceeded to the courtroom for the trial which he believed was scheduled for 1:30. It was then that Cecil discovered that the hearing was scheduled for 10:00 a.m.

At the hearing on Cecil's opposition to the default judgment or for relief from judgment, the bankruptcy court noted that Cecil admitted receiving the notice scheduling the hearing for 10:00 a.m. and that he failed to present any evidence, other than his own testimony, to prove that he was in the law library at the time of the hearing. The court also noted that Angela and her counsel were present and ready to proceed at the time of the trial. The court found that Cecil failed to show excusable neglect for his failure to appear for the scheduled trial. Based on factual findings in two state court proceedings that the debt

3

to Angela was alimony and support, the bankruptcy court granted default judgment for Angela on those claims and denied default judgment on Angela's claims which were in the nature of a property settlement.

The district court affirmed the action of the bankruptcy court and denied Cecil's motion for a rehearing. Cecil appealed to this court arguing that the agreed payments were not alimony or support and that he was entitled to a jury trial on the issue. Angela Varney's counsel moved to withdraw as counsel and informed the court that Angela wished to proceed with the appeal pro se. Angela also moved to submit the case on the briefs. We grant these motions.

The consensus in the courts which have addressed this issue is that there is no constitutional right to a jury trial on the issue of dischargeability. Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d. 1242 (3d Cir.), cert. denied, ___ U.S. #6D 6D6D#, 63 U.S.L.W. 3381 (U.S. Nov. 14, 1994) (No. 94-315); In re Maurice, 21 F.3d 767, 773 (7th Cir. 1994) (11 U.S.C.A. §§ 523(a)(2)(A) & (a)(6) (West 1993)); In re McLaren, 3 F.3d 958, 960 (6th Cir. 1993); In re Hallahan, 936 F.2d 1496, 1505-06 (7th Cir. 1991) (11 U.S.C. § 523(a)(6) (1988)); In re Hooper, 112 B.R. 1009, 1012 (Bankr. 9th Cir. 1990).

We agree with these decisions that a proceeding by a creditor to determine dischargeability is equitable in nature and that a debtor who filed a voluntary bankruptcy petition has no right to a jury trial in such a proceeding. See Hallahan, 936 F.2d at 1505-06. We therefore affirm the district court order affirming the bankruptcy court's denial of Cecil Varney's request for a jury trial on the issue of dischargeability of his debt to Angela.

We review default judgments and denials of relief from default judgments for abuse of discretion. Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988); United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). To obtain relief under Fed. R. Civ. P. 60(b), the moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party will not be unfairly prejudiced by having the judgment set aside. The movant must also show that he satisfies one of the grounds for relief set forth in Rule 60(b). McLawhorn v.

4

John W. Daniel & Co., 924 F.2d 535, 538 (4th Cir. 1991); Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979).

Cecil's motion for relief from the default judgment was certainly timely. Rule 60(b) provides that the motion be filed within a reasonable time and, for relief based upon mistake, inadvertence, or excusable neglect, the motion must be made within one year. Fed. R. Civ. P. 60(b). Cecil filed his motion the day after the bankruptcy court directed Angela to prepare an order granting her default judgment.

Prejudice to the non-moving party is a closer question. The bankruptcy court found that Angela would be prejudiced by setting aside the order of default because she and her attorney had traveled to attend the hearing at which Cecil did not appear. This inconvenienced her and the court. While it is not clear that this constitutes prejudice, see Augusta Fiberglass, 843 F.2d at 812 ("[W]e perceive no disadvantage . . . beyond that suffered by any party which loses a quick victory."), in light of our consideration of the other factors governing relief under Rule 60(b), we need not resolve this issue.

Cecil's basis for his request for relief from judgment is that he mistakenly believed that the 10:00 a.m. hearing had been scheduled for 1:30 p.m. One of the deciding factors in determining whether to grant relief from a default judgment is the degree to which the moving party is at fault. Cecil admitted that he personally received and read the notice rescheduling the hearing for 10:00 a.m. on March 1st and that he informed his secretaries of the change in the date but not the time. Because Cecil was responsible for the default, he"must adequately defend [his] conduct in order to show excusable neglect." Augusta Fiberglass, 843 F.2d at 811. The bankruptcy court discredited Cecil's excuse for his failure to appear and determined that his mistaken belief that the hearing was scheduled for 1:30 p.m. did not constitute excusable neglect. We cannot conclude that the bankruptcy court's credibility determination was clearly erroneous or that the bankruptcy court abused its discretion in finding no excusable neglect. See United States v. Mitchell, 1 F.3d 235, 240 (4th Cir. 1993); Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 897 (4th Cir. 1987).

The key factor in this case in determining whether the district court erred in affirming the bankruptcy court's denial of relief from the

5

default judgment is whether Cecil has met his burden of showing that he had a meritorious defense to Angela's claim that the debt to her was nondischargeable. Section 523(a)(5) of the Bankruptcy Code excepts from discharge any debt " . . . to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such child, in connection with a separation agreement, divorce decree or other Order of a Court of record or property settlement agreement." 11 U.S.C.A. § 523(a)(5) (West 1993). The debt at issue arose from Cecil's agreement to pay Angela $1000 per month as alimony and $400 per month for credit card debts. This agreement was incorporated into an order labeling the payments as alimony and support. The final divorce decree noted Cecil's failure to comply with his contractual agreement to pay Angela $1000 per month for temporary alimony and $400 per month for credit card debt. The temporary nature of the payments and the reference in the divorce decree to a contractual agreement do not negate the parties' intent that the payments be alimony and support payments. Further, we find no clear error in the district court's affirmance of the bankruptcy court's findings that the debt was for alimony and support. See Carolin Corp. v. Miller, 886 F.2d 693, 702 (4th Cir. 1989).

In conclusion, we grant Angela Varney's counsel's motion to withdraw, grant Angela's motion to submit on briefs and affirm the district court's order affirming the bankruptcy court's order granting partial default judgment to Angela Varney in her adversary proceeding objecting to the dischargeability of Cecil's debt to her as incorporated into the family law master's temporary order. Finding no abuse of discretion, we also affirm the district court's order denying reconsideration. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6