Robert H. **FINK** and Mary G. Fink, Debtors.

**M C CONTRACTORS, INC. f/k/a Mann Contractors, Inc., Plaintiff,**

v.

**Robert H. Fink III and Mary G. Fink, Defendants.**

Civ. No. 3:03–MC–3–V.
Bankruptcy No. 02–32924.
Adversary No. 02–3239.

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 5, 2003.

Richard B. Fennell, James, McElroy & Diehl, Charlotte, NC, for plaintiff.

## ORDER

RICHARD L. VOORHEES, District Judge.

THIS MATTER is before the Court upon Plaintiff MC Contractors' Motion for Withdrawal of Reference. Plaintiff filed this adversary proceeding against Defendants Robert and Mary Fink, the debtors in the Chapter 11 case from which the adversary proceeding arises. Plaintiff now seeks, based on 28 U.S.C. § 157(d) and (e), to have this Court withdraw its reference of this matter to the bankruptcy court. Defendants filed an untimely response, but also contemporaneously filed a motion pursuant to Federal Rule of Civil Procedure 6(b)(2) asking the Court to exercise its discretion to enlarge the time period for its response. The Court granted the Motion for Enlargement and ordered further briefing on the issue of jury trial entitlement, as the parties failed to adequately address that issue in their briefs.

28 U.S.C. § 157 sets forth the procedural rules regarding referral of bankruptcy cases to the bankruptcy court. Section 157(a) provides that district courts may refer "any or all" cases or proceedings arising under Title 11 of the United States Code to the bankruptcy court; the Western District of North Carolina has referred all such cases and proceedings to the bankruptcy court. Section 157(d) provides that district courts "may withdraw, in whole or in part, any case or proceeding referred under this section...for cause shown." Finally, section 157(e) provides that a bankruptcy judge may only conduct a jury trial in a proceeding where the district court has specially designated it to do so and where all parties to the matter consent to the bankruptcy court so doing.

Plaintiff argues that because it will not consent to a jury trial before the bankruptcy court and because the bankruptcy court is prohibited by section 157(e) from conducting a jury trial without Plaintiff's consent, no jury trial of the adversary proceeding could be held absent withdrawal of the reference by this Court. Thus, it contends, cause for withdrawal exists. It also argues that cause exists in that the instant matter is state law-dominated and not dependent on other matters being considered

by the bankruptcy court in its administration of the case. Defendants, on the other hand, argue that because the claims involved in this case comprise core proceedings affecting the administration of the estate, the matter is more properly before the bankruptcy court, and cause for withdrawal does not exist. Further, they argue that cause for withdrawal does not exist because the bankruptcy court already has significant exposure to the base bankruptcy case, and should be allowed to retain and resolve the case.

 Plaintiff's argument regarding section 157(e) is correct. Several other courts—albeit none in the Fourth Circuit, as Fourth Circuit law on the matter appears to be nonexistent—have noted that where a jury trial has been requested in an adversary proceeding, refusal of all the parties to consent to a jury trial in bankruptcy court may constitute cause for withdrawal. *See* In re *Enron Power Marketing, Inc.*, 2003 WL 68036, at *6 (S.D.N.Y. Jan 8, 2003); In re *Metropolitan Plant & Flower, Inc.*, 1997 WL 638454, at *4 (N.D.Ill.1997). However, what Plaintiff fails to recognize is that its argument has force *only* if it is entitled to a jury trial. Because the Court concludes that Plaintiff is not entitled to a jury trial in this dischargeability proceeding, the Court denies the Plaintiff's Motion for Withdrawal of Reference.

As set forth by the Supreme Court in *Granfinanciera, S.A. v. Nordberg,* courts must engage in a two-step analysis in order to determine whether a party is entitled to a jury trial in an adversary proceeding. 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989). First, courts must compare the action to "18th-century actions brought in courts of England prior to the merger of the Courts of law and equity." *Id.* The purpose of the first prong is to determine whether the right to a jury

trial existed in common law courts in comparable actions. Second, courts must "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* If the remedy is legal, the right to a jury trial generally attaches, whereas if the remedy is equitable, the right to a jury trial generally does not attach. In re *National Enterprises, Inc.,* 128 B.R. 956, 961–62 (E.D.Va.1991). The second prong of the analysis is the most important. *Granfinanciera,* 492 U.S. at 42, 109 S.Ct. 2782. The essential inquiry of the two-pronged analysis is whether the action was one to which the right to a jury trial generally attached at the time the Seventh Amendment was enacted. In re *Hooper,* 112 B.R. 1009, 1011 (9th Cir. BAP 1990).

After making the inquiry required by the *Granfinanciera* case, it is apparent that plaintiffs bringing dischargeability actions do not have the right to a jury trial with respect to any common law claims on which their claim of nondischargeability is based. Examining the first prong, it is clear that dischargeability proceedings "involve issues with an equitable history...for which there was no right to a jury trial in the courts of England prior to the merger of law and equity." *Id.* at 1012 (citing Vern Countryman, *The New Dischargeability Law,* 45 Am. Bankr. L.J. 1, 36–39 (1971)). As to the crucial second prong, the Court concludes that a dischargeability proceeding is an essentially equitable action, drawing on the Bankruptcy's Court's equitable power to declare certain debts exempt from discharge. In re *Locke,* 205 B.R. 592, 600 (9th Cir. BAP1996); In re *Hallahan,* 936 F.2d 1496, 1505 (7th Cir.1991); *Hooper,* 112 B.R. at 1012; *Berryman v. Smith,* 84 B.R. 175, 180 (Bankr.D.Ariz.1988). After all, the ultimate function of the bankruptcy court in the course of any bankruptcy case is to determine the dischargeability, treatment,

and preference levels of the debts incurred by a debtor. In a nondischargeability proceeding, the creditor is essentially requesting relief from the injunctive protection afforded to a debtor who emerges from bankruptcy with a "fresh start." *See Hooper*, 112 B.R. at 1012. As an injunction is a form of equitable relief, it only follows that a proceeding brought by a creditor seeking to prevent the imposition of that injunctive protection would be an equitable proceeding as well.[1]

In reaching its conclusion, the Court is unpersuaded by Plaintiff's argument that it has brought a fraud action seeking money damages, and thus that its cause of action is legal, rather than equitable, in nature. As at least one other court has noted, "the fact that the plaintiff[ has] asked for monetary damages does not change the equitable nature of this proceeding." *Berryman*, 84 B.R. at 180 (also noting, "[t]here is no such thing as a 'fraud action' in bankruptcy court when it is coupled with a nondischargeability claim."). Plaintiff's fraud claim is asserted as a nondischargeability claim over which the bankruptcy court exercises equitable jurisdiction. Of course, a court sitting in equity may always grant monetary relief where appropriate, so the fact that Plaintiff seeks money damages does not affect the Court's analysis. *Id.*

Further, the Court also recognizes that some courts have concluded that a creditor is entitled to a bifurcation of the dischargeability and liability issues. *E.g., In re Weinstein*, 237 B.R. 567, 573 (Bankr. E.D.N.Y.1999). Such courts have concluded that the creditor is entitled to a jury trial on the issue of liability and damages, but not entitled to a jury trial on the dischargeability issue. The Court finds these cases unpersuasive because they advocate an administratively inefficient solution. Considering that the main function of the bankruptcy court is to expediently resolve any issues impeding the administration of the estate, bifurcation of the liability and dischargeability issues would only serve to hinder and delay the furtherance of the bankruptcy court's ultimate aim.

Thus, the Court concludes that Plaintiff MC Contractors is not entitled to a jury trial in this case, and the Court shall deny its Motion for Withdrawal of Reference.

IT IS THEREFORE ORDERED that the Plaintiff's Motion for Withdrawal of Reference is DENIED.

---

1. Furthermore, the Court is also guided by the Fourth Circuit's opinion in *In re Varney*, 1996 WL 138684, at * 2 (4th Cir.1996) (per curiam), where the court held that there was no right to a jury trial in a proceeding where the nondischargeability of certain alimony debts was asserted. Of course, unpublished opinions are not binding precedent. However, the Court merely notes that *In re Varney* supports its holding.