In re Elaine M. DUFFY, Debtor.

Cynthia P. Goodale, Plaintiff,

v.

Elaine M. Duffy, Defendant.

In re Kerri Ann Dias and Michael Andrade Dias, Debtors.

Cynthia P. Goodale, Plaintiff,

v.

Kerri Ann Dias, Defendant.

Bankruptcy Nos. 02–14535, 02–14536. Adversary Nos. 03–1011, 03–1012.

United States Bankruptcy Court, D. Rhode Island.

Sept. 21, 2004.

Leo P. Attilli, Esq., Warwick, RI, for Plaintiff.

Robert J. Sgroi, Esq., Warwick, RI, for Defendants.

### ORDER STRIKING JURY DEMAND

ARTHUR N. VOLOLATO, Bankruptcy Judge.

In these consolidated adversary proceedings, Plaintiff Cynthia Goodale has demanded a trial by jury and Defendants also would like a jury trial in this Court to determine whether Goodale's claim is nondischargeable under 11 U.S.C. § 523(a)(2)(A). Notwithstanding the agreement of the parties, the Court, *sua sponte*, questions whether a jury trial is authorized in this instance, and for the

reasons set forth below, I conclude that it is not.

## BACKGROUND

In December 2002, Elaine Duffy and her daughter Kerri Ann Dias filed separate Chapter 7 petitions, and two months later Goodale filed adversary proceedings against both Debtors, alleging that they fraudulently obtained $10,000 from her and seeking a determination that this debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A). Because the Complaints are based upon similar allegations, the cases were consolidated and, as indicated above, the parties have expressed their joint desire to have the issues determined by a jury in the Bankruptcy Court.

## DISCUSSION

■ Even in the absence of any objection, this Court may not exceed its constitutional and/or statutory authority to conduct a jury trial here, so we have done an independent analysis of the subject.

■ The broad question "May jury trials may be held in bankruptcy courts?" is answered by 28 U.S.C. § 157(e) which states:

> If the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

The United States District Court for the District of Rhode Island has specifically authorized this Court to conduct jury trials, see General Order 2000–01, so it appears at first blush that there is no problem with conducting a jury trial in this instance. However, things are not always as clear as they seem, and although it requires an examination of some really ancient history, the narrow question here—whether the right to a jury trial extends to Section 523 proceedings, is answered in the negative.

The right to a jury trial is rooted in the Seventh Amendment to the United States Constitution which states: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved...." Discussing this right in a bankruptcy context, the U.S. Supreme Court created a three-step analysis to determine a party's right to a jury trial:[1] First, courts must compare the subject action to suits brought in the courts of law and equity in 18th century England prior to their merger, to determine whether the right to a jury trial existed in common law courts in comparable actions. *See Granfinanciera, S.A., et al. v. Nordberg*, 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989); *M C Contractors, Inc. v. Fink (In re Fink)*, 294 B.R. 657, 659 (W.D.N.C.2003). Second, it must be determined whether the remedy sought is legal or equitable in nature. *Granfinanciera*, 492 U.S. at 42, 109 S.Ct. 2782. Generally, if the relief sought is legal in nature, the right to a jury trial exists, and, conversely, in equity actions there is no such right. *Fink*, 294 B.R. at 659. "The second stage of this analysis is more important than the first.... If, on balance, these two factors indicate that a party is entitled to a jury trial under the Seventh Amendment, we must decide whether [the party may nevertheless be denied a jury trial under the 'public rights' doctrine]." *Granfinanciera*, 492 U.S. at 42, 109 S.Ct. 2782. This final step is implicated only when entitlement to a jury trial is estab-

---

1. The analysis is primarily a two-step process, and the third step is implicated only when it is indicated under the first two factors that a jury trial is authorized.

lished under the first two factors, *id.*, and because I conclude that no such right exists here, this analysis is limited to a discussion of the first two factors.

Courts considering this issue generally hold that parties in dischargeability proceedings are not entitled to a jury trial. Regarding the first prong:

> ... dischargeability proceedings "involve issues with an equitable history... for which there was no right to a jury trial in the courts of England prior to the merger of law and equity." *Id.* at 1012 (citing Vern Countryman, *The New Dischargeability Law*, 45 Am. Bankr.L.J. 1, 36–39 (1971)). As to the crucial second prong, the Court concludes that a dischargeability proceeding is an essentially equitable action, drawing on the Bankruptcy Court's equitable power to declare certain debts exempt from discharge. *In re Locke*, 205 B.R. 592, 600 (9th Cir. BAP 1996); *In re Hallahan*, 936 F.2d 1496, 1505 (7th Cir.1991); [*In re*] *Hooper*, 112 B.R. [1009] at 1012 [(9th Cir. BAP 1990)]; *Berryman v. Smith*, 84 B.R. 175, 180 (Bankr.D.Ariz.1988). After all, the ultimate function of the bankruptcy court in the course of any bankruptcy case is to determine the dischargeability, treatment, and preference levels of the debts incurred by a debtor. In a nondischargeability proceeding, the creditor is essentially requesting relief from the injunctive protection afforded to a debtor who emerges from bankruptcy with a "fresh start." *See Hooper*, 112 B.R. at 1012. As an injunction is a form of equitable relief, it only follows that a proceeding brought by a creditor seeking to prevent the imposition of that injunctive protection would be an equitable proceeding as well.

*Fink*, 294 B.R. at 659–660.

While the Plaintiff may argue that her claim is legal in nature because she seeks money damages, such an argument mischaracterizes the kind of relief provided under Section 523(a)(2)(A). This is a complaint seeking a finding of nondischargeablity of a debt, and requesting money damages does not change the equitable nature of the proceeding.[2] *See Fink*, 294 B.R. at 660; *Berryman v. Smith (In re Smith)*, 84 B.R. 175, 180 (Bankr.D.Ariz. 1988). Accordingly, Plaintiff's jury demands are STRICKEN and the matter will be scheduled for a bench trial on October 27, 2004, at 9:30 a.m. The parties are ORDERED to file an amended Joint Pretrial Order within twenty (20) days from the date hereof, deleting all references to a jury trial and jury instructions.

Enter judgment consistent with this opinion.

---

**2.** Additionally we note a recent case from the Bankruptcy Appellate Panel for the First Circuit casts serious doubt over the ability of a bankruptcy court to issue a money judgement in dischargeability proceedings. *See Cambio v. Mattera (In re Cambio )*, BAP No. RI 03–067 (1st Cir. BAP September 2, 2004).