In re EZ PAY SERVICES, INC., a/k/a EZ Pay Health Care, a/k/a EZ Pay Dental, a/k/a EZ Pay Medical, Debtor.

Robert Altman, as Chapter 7 Trustee For EZ Pay Services, Inc., Plaintiff,

v.

Alternative Debt Portfolios, L.P., a Delaware Limited Partnership, and Alternative Debt Portfolios, LLC, a Limited Liability Company, Defendants.

Bankruptcy No. 3:06–bk–2474–PMG. Adversary No. 3:07–ap–19–PMG.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 15, 2008.

Jason B. Burnett, GrayRobinson, P.A., Jacksonville, FL, for Plaintiff.

Nicolette Corso Vilmos, Broad and Cassel, Roy S. Kobert, Orlando, FL, for Defendants.

## ORDER ON DEFENDANTS' MOTION TO SET CASE FOR JURY TRIAL

PAUL M. GLENN, Chief Judge.

**THIS CASE** came before the Court for hearing to consider the Motion to Set Case for Jury Trial filed by the Defendants, Alternative Debt Portfolios, L.P. and Alternative Debt Portfolios, L.L.C. (collectively, ADP).

The Plaintiff, Robert Altman, as Chapter 7 Trustee (the Trustee), commenced this adversary proceeding by filing a Complaint against ADP. ADP subsequently filed a Second Amended Answer to the Complaint, as well as a Counterclaim against the Trustee. In the Motion cur-

rently before the Court, ADP asserts that the case is at issue, and requests that the Court schedule the proceeding for jury trial.

The issue under consideration is whether ADP is entitled to a trial by jury of the claims set forth in the Complaint and Counterclaim.

## Contents

I. Background ............................................................. 281

II. Discussion ............................................................. 283
    A. The Seventh Amendment ........................................... 283
    B. The Bankruptcy Courts ........................................... 284
    C. *Granfinanciera* and *Langenkamp* ................................ 284
    D. Subsequent cases ................................................ 286
        1. Jury demand by defendant/creditor ........................... 286
        2. Jury demand by defendant/counterclaimant .................... 287

III. Application ........................................................... 288
    A. Legal or equitable claims ....................................... 288
    B. The Proofs of Claim ............................................. 289
    C. The Counterclaim ............................................... 290

IV. Conclusion ............................................................ 292

## I. Background

The Debtor, EZ Pay Services, Inc., was engaged in the business of contracting with health care providers for the right to collect certain of the providers' patient accounts, in exchange for discount fees and other fees specified in the contracts.

In June of 2005, the Debtor, as Seller, entered into a Purchase Agreement with ADP. Pursuant to the Agreement, the Debtor agreed to sell certain of its Contracts, as broadly defined in the Agreement, to ADP.

In June of 2006, ADP determined that it would not purchase any additional Contracts from the Debtor pursuant to the Purchase Agreement.

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on August 16, 2006.

On December 20, 2006, Alternative Debt Portfolios, L.P. filed two separate Proofs of Claim in the Chapter 7 case. The first claim, which was assigned Claim Number 296, was filed as an unsecured claim in the amount of $11,930,067.44, plus unspecified damages, interest, attorney's fees and costs. The second claim, which was assigned Claim Number 297, was filed as a secured claim in the same amount. The claims were filed in the alternative, and Alternative Debt Portfolios, L.P. stated that it did not seek a "double recovery."

In an attachment to the Claims, Alternative Debt Portfolios, L.P. asserted that the sum of $11,930,067.44 represented "gross cash due to ADP as of Petition Date," and that the unliquidated damages requested in the Claims represented amounts owed to it for "breach of contract, breach of the covenant of good faith and fair dealing, fraud, extortion, intentional interference with contract, violations of TRO and various other tort claims."

On January 24, 2007, the Trustee filed a Complaint against ADP. (Doc. 1). Generally, the Complaint relates to the Purchase Agreement that had been executed by the Debtor and ADP in June of 2005. The Trustee alleges in the Complaint, for ex-

ample, that ADP had represented to the Debtor that the Purchase Agreement "was not actually for the purchase of any accounts," and that ADP had promoted or participated in a Ponzi scheme conducted by the Debtor. (Doc. 1, ¶¶ 16–28).

The Complaint contains nine Counts: (1) Count I is an action for a determination that the liens claimed by ADP against the Debtor's property are invalid; (2) Count II is an action to recover the patient accounts that were the subject of allegedly fraudulent transfers to ADP; (3) Count III is an action for a declaratory judgment that the Purchase Agreement is void and that the Debtor and ADP were co-conspirators in a fraudulent or illegal scheme; (4) Count IV is an action for damages for fraud; (5) Count V is an action for damages for negligent misrepresentation; (6) Count VI is an action for damages for breach of fiduciary duty and the usurpation of corporate opportunities; (7) Count VII is an action for damages for conversion of funds from the patient accounts; (8) Count VIII is an action for turnover of the patient accounts that were the subject of the Purchase Agreement; and (9) Count IX is an action for an accounting.

On February 23, 2007, ADP filed an Answer and Affirmative Defenses to the Complaint. (Doc. 8). In the Answer, ADP demanded "the right to a jury trial on all issues triable by jury." (Doc. 8, p. 10).

On November 16, 2007, ADP filed its Second Amended Answer to the Complaint, combined with a Counterclaim against the Trustee. (Doc. 32). In its Counterclaim, ADP generally alleges that it had purchased "all right, title and interest that E–Z Pay had in the Patient Contracts free and clear of any liens or encumbrances," and that the Debtor had wrongfully interfered with its entitlement to the Contracts by contacting the patients and medical providers, among other activities. (Doc. 32, ¶¶ 9–22).

The Counterclaim contains five Counts: (1) Count I is an action for a declaratory judgment determining that ADP is the owner of the Patient Contracts acquired under the Purchase Agreement; (2) Count II is an action for damages for breach of contract resulting from the Debtor's failure to pay the medical providers; (3) Count III is an action for damages for breach of the covenant of good faith and fair dealing; (4) Count IV is an action for damages for intentional and/or negligent misrepresentations made by the Debtor while the Debtor and ADP were negotiating the Purchase Agreement; and (5) Count V is an action for damages for intentional interference with contractual relations based on the Debtor's contacts with the patients.

In the Second Amended Answer and Counterclaim, ADP again demanded the right to a jury trial on all issues triable by jury. (Doc. 32, p. 10).

On January 16, 2008, the Trustee filed a Reply to the Counterclaim. (Doc. 35).

On February 12, 2008, ADP filed the Motion to Set Case for Jury Trial that is presently under consideration. In the Motion, ADP asserts that this case is at issue, and requests that the Court schedule the proceeding for jury trial.

In response, the Trustee contends that ADP has submitted itself to the equitable jurisdiction of the Bankruptcy Court by orchestrating the filing of a prior involuntary bankruptcy case against the Debtor, and also by the extent and nature of its participation in the main Chapter 7 case. Based on this conduct, the Trustee asserts that ADP has waived its right to a trial by jury. Further, the Trustee contends that ADP also waived its right to a jury trial by filing the Proofs of Claim in the Chapter 7

case, and by filing the Counterclaim and otherwise participating in this adversary proceeding. (Doc. 47).

## II. Discussion

■ An analysis of ADP's right to a jury trial in this proceeding necessarily begins with 28 U.S.C. § 157(e). That subsection provides:

### 28 USC § 157. Procedures

. . .

(e) *If the right to a jury trial applies* in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties.

28 U.S.C. § 157(e)(Emphasis supplied). Section 157(e) was enacted in 1994 as part of the Bankruptcy Reform Act. *In re Com 21*, 2005 WL 1606357, at *8 (N.D.Cal. July 6, 2005). The section does not create any right to a jury trial. It "simply authorizes a bankruptcy judge to conduct a jury trial '[i]f the right to a jury trial applies,' and the other conditions of the statute are met. . . . In other words, if Appellants otherwise have a right to a jury trial, such a trial may be held before the bankruptcy court if this Court designates it to conduct the trial and the parties give express consent." *In re Mid–Atlantic Resources Corp.*, 283 B.R. 176, 192 (S.D.W.Va.2002).

### A. The Seventh Amendment

Pursuant to 28 U.S.C. § 157(e), therefore, a key initial inquiry is whether a party "otherwise has a right to a jury trial."

"The right to a jury trial is rooted in the Seventh Amendment to the United States Constitution." *In re Duffy*, 317 B.R. 49,

50 (Bankr.D.R.I.2004). The Seventh Amendment provides:

*In Suits at common law,* where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law.

U.S. Const. amend. VII(Emphasis supplied). The Supreme Court of the United States has consistently interpreted the phrase "Suits at common law" to refer to "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)(quoting *Parsons v. Bedford*, 3 Pet. 433, 447, 7 L.Ed. 732 (1838)).

■ Consequently, it is generally held that the "Seventh Amendment requires a jury trial 'only if a cause of action is legal in nature and it involves a matter of private right.'" *In re Northwestern Institute of Psychiatry, Inc.*, 272 B.R. 104, 111 (E.D.Pa.2001)(quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. at 42, n. 4, 109 S.Ct. 2782). "Generally, if the relief sought is legal in nature, the right to a jury trial exists, and, conversely, in equity actions there is no such right." *In re Duffy*, 317 B.R. at 50(citing *In re Fink*, 294 B.R. 657, 659 (W.D.N.C.2003)). "Legal actions are entitled to a jury trial; equitable actions are not triable by a jury." *In re Quarles*, 294 B.R. 729, 730 (Bankr.E.D.Ark.2003)(citing *In re Hutchins*, 211 B.R. 322, 324 (Bankr.E.D.Ark. 1997)).

■ Actions seeking monetary relief, for example, are generally legal in nature and therefore triable by jury. *Feltner v. Columbia Pictures Television, Inc.*, 523

U.S. 340, 352, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998)(citing *Teamsters v. Terry,* 494 U.S. 558, 570, 110 S.Ct. 1339, 108 L.Ed.2d 519 (1990)).

## B. Bankruptcy Courts

■ As set forth above, 28 U.S.C. § 157(e) authorizes Bankruptcy Courts to conduct jury trials "if the right to a jury trial applies." Pursuant to the Seventh Amendment, the right to a jury trial generally applies if the cause of action or relief sought is legal in nature. A primary issue that arises under § 157(e), therefore, is the proper characterization of causes of action that are raised in the context of a bankruptcy case.

■ An evaluation of the issue begins with the premise that Bankruptcy Courts are courts of equity that were established to apply equitable principles in the administration of debtor-creditor relationships.

Bankruptcy courts are "courts of equity, empowered to invoke equitable principles to achieve fairness and justice in the reorganization process." *Schwartz v. Aquatic Dev. Group, Inc. (In re Aquatic Dev. Group, Inc.),* 352 F.3d 671, 680–81 (2d Cir.2003) (citation omitted); see also *Local Loan Co. v. Hunt,* 292 U.S. 234, 240 54 S.Ct. 695, 78 L.Ed. 1230 (1934)("[C]ourts of bankruptcy are essentially courts of equity, and their proceedings inherently proceedings in equity.") As courts of equity, bankruptcy courts "have broad authority to modify creditor-debtor relationships." *United States v. Energy Res. Co.,* 495 U.S. 545, 549, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990).

*In re Combustion Engineering, Inc.,* 391 F.3d 190, 235 (3d Cir.2004). See also *Official Committee of Unsecured Creditors of Cybergenics Corporation v. Chinery,* 330 F.3d 548, 567 (3d Cir.2003).

■ "The purpose of the [Bankruptcy] Code is the collection and equitable distribution of the debtor's estate to its creditors." *Kaiser Aerospace and Electronics Corp. v. Teledyne Industries, Inc.,* 229 B.R. 860, 871 (S.D.Fla.1999). "The bankruptcy process is the process by which a res, under the constructive possession of the bankruptcy court, is administered for the purpose of allowing, disallowing, organizing, and prioritizing the claims of creditors in, to, and upon the res-referred to by the Court as the restructuring of the debtor-creditor relationship." *In re Carter Paper Company, Inc.,* 220 B.R. 276, 286 (Bankr.M.D.La.1998).

■ "[T]he Bankruptcy Court is empowered to determine the extent of claims by and against the estate *under its equitable power* to adjust the debtor-creditor relationship of those who choose to participate in the bankruptcy estate." *In re Commercial Financial Services, Inc.,* 251 B.R. 414, 425 (Bankr.N.D.Okla.2000)(Emphasis supplied).

## C. *Granfinanciera* and *Langenkamp*

The Supreme Court of the United States has addressed the right to a jury trial in bankruptcy cases in at least two decisions.

In *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989), the bankruptcy trustee had filed an action to recover certain fraudulent transfers from the defendants, and the defendants requested a jury trial on all issues so triable. The Supreme Court framed the issue before it as "whether a person who has not submitted a claim against a bankruptcy estate has a right to a jury trial when sued by the trustee in bankruptcy to recover an allegedly fraudulent monetary transfer." *Granfinanciera,* 492 U.S. at 36–37, 109 S.Ct. 2782.

In resolving the issue, the Supreme Court noted that it was required to "examine the remedy sought and determine whether it is legal or equitable in nature." *Id.* at 42, 109 S.Ct. 2782.

The Court ultimately concluded that the fraudulent transfer action historically was a legal cause of action, and that the Seventh Amendment therefore entitled the defendants to the jury trial that they requested. *Id.* at 49, 109 S.Ct. 2782.

The Court then looked to its prior decision in *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) to confirm its analysis and conclusion. Based on its consideration of *Katchen,* however, the Court emphasized that its conclusion might have been different had the defendants in the fraudulent transfer action also filed a proof of claim in the main bankruptcy case.

> We could not have made plainer [in *Katchen*] that our holding in Schoenthal retained its vitality: "[A]lthough petitioner might be entitled to a jury trial on the issue of preference if he presented no claim in the bankruptcy proceeding and awaited a federal plenary action by the trustee, *Schoenthal v. Irving Trust Co.,* 287 U.S. 92, 53 S.Ct. 50, when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity." *Id.* at 336, 86 S.Ct., at 476.
>
> ... We read *Schoenthal* and *Katchen* as holding that, under the Seventh Amendment, a creditor's right to a jury trial on a bankruptcy trustee's preference claim depends on whether the creditor has submitted a claim against the estate, not upon Congress' precise definition of the "bankruptcy estate" or upon whether Congress chanced to deny jury trials to creditors who have not filed claims and who are sued by a trustee to recover an alleged preference.

Because petitioners here, like the petitioner in *Schoenthal,* have not filed claims against the estate, respondent's fraudulent conveyance action does not arise "as part of the process of allowance and disallowance of claims." Nor is that action integral to the restructuring of debtor-creditor relations. Congress therefore cannot divest petitioners of their Seventh Amendment right to a trial by jury.

*Granfinanciera,* 492 U.S. at 58–59, 109 S.Ct. 2782. In other words, since the fraudulent transfer defendants in *Granfinanciera* had not filed a proof of claim against the estate, they were entitled to a jury trial in the action at law.

Less than eighteen months after *Granfinanciera,* the Supreme Court reaffirmed its position in *Langenkamp v. Culp,* 498 U.S. 42, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990). In *Langenkamp,* the bankruptcy trustee had filed an action against certain defendants to recover preferential transfers, and the defendants requested a jury trial. Unlike the situation in *Granfinanciera,* however, the defendants in *Langenkamp* had filed proofs of claim against the bankruptcy estate. *Langenkamp,* 498 U.S. at 43, 111 S.Ct. 330. Consequently, the issue for the Court was "whether creditors who submit a claim against a bankruptcy estate and are then sued by the trustee in bankruptcy to recover allegedly preferential monetary transfers are entitled to jury trial under the Seventh Amendment." *Id.* at 42–43, 111 S.Ct. 330.

The Court concluded that the defendants in *Langenkamp* had brought themselves within the equitable jurisdiction of the Bankruptcy Court by filing claims against the estate, and therefore were not entitled to a jury trial in the preference action. *Id.* at 45, 111 S.Ct. 330. In reaching this conclusion, the Court referred to its prior decision:

In *Granfinanciera,* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of "allowance and disallowance of claims," thereby subjecting himself to the bankruptcy court's equitable power. (Citation omitted.) If the creditor is met, in turn, with a preference action from the trustee, that action becomes part of the claims-allowance process which is triable only in equity. (Citation omitted.) In other words, the creditor's claim and the ensuing preference action by the trustee become integral to the restructuring of the debtor-creditor relationship through the bankruptcy court's *equity jurisdiction.* (Citation omitted.) As such, there is no Seventh Amendment right to a jury trial.

*Langenkamp,* 498 U.S. at 44–45, 111 S.Ct. 330(Emphasis in original). A "clear distinction" exists, therefore, between (1) those bankruptcy cases in which a creditor filed a claim (and was not entitled to a jury trial in an action brought by the trustee), and (2) those cases in which the creditor did not file a claim (and was entitled to a jury trial in an action by the trustee). *Id.* at 45, 111 S.Ct. 330.

### D. Subsequent cases

Following the decisions in *Granfinanciera* and *Langenkamp,* Courts have applied the principles set forth by the Supreme Court to a variety of procedural contexts.

#### 1. Jury demand by defendant/creditor

The first application involves those situations in which the demand for a jury trial is made by a creditor who is also a defendant in an action by the trustee. In such cases, Courts consistently find that the creditor's right to a jury trial in its legal dispute with the trustee depends on (1) whether the creditor has filed a proof of claim in the bankruptcy case, and (2) claim in the bankruptcy case, and (2)

whether the resolution of the trustee's legal action affects the allowance of the claim. *In re Com 21,* 2005 WL 1606357, at *9 (N.D.Cal.).

If the creditor has filed a proof of claim, the claim is viewed as a request for distribution from the estate, with the result that the demand for payment is "converted from 'a legal dispute over money into an equitable dispute over a share of the estate.'" See *Control Center, L.L.C. v. Lauer,* 288 B.R. 269, 282 (M.D.Fla.2002)(quoting *In re NDEP Corp.,* 203 B.R. 905, 910 (D.Del.1996)). The creditor has subjected its claim to the equitable power of the Bankruptcy Court to allow and disallow claims. *In re Control Center,* 288 B.R. at 282, 285. In those situations, the creditor is not entitled to a jury trial. See *In re Dietert,* 271 B.R. 499, 507 (Bankr.S.D.Tex.2002).

■ As the Court recently stated in *In re Worldcom, Inc.,* 378 B.R. 745 (Bankr. S.D.N.Y.2007):

> In each situation, the filing of the proof of claim invokes the claims-allowance process and the creditor subjects itself to the equitable jurisdiction of the Court thereby waiving its right to a jury trial as to any issue that bears directly on the claims-allowance process.
>
> It is the filing of the proof of claim, not its validity, that invokes the waiver of a jury trial right.

*In re Worldcom, Inc.,* 378 B.R. at 754–55. "When a party submits a proof of claim in a bankruptcy case, he voluntarily subjects himself to the bankruptcy court's equitable power and is deemed to have waived his right to jury." *In re Trinsic, Inc.,* 2008 WL 748394, at *2 (S.D.Ala. March 18, 2008). Further, any right to a jury trial is waived at the time the creditor files its proof of claim, even if the claim is later withdrawn. *In re Seminole Walls & Ceil-*

*ings Corp.*, 336 B.R. 539, 547 (Bankr. M.D.Fla.2006).

### 2. Jury demand by defendant/counterclaimant

Courts have also applied the Supreme Court's principles to cases in which a trustee files an adversary proceeding on behalf of a bankruptcy estate, and the defendant in the adversary proceeding asserts a counterclaim against the trustee. "Claim" is broadly defined in the Bankruptcy Code. Courts have generally found that a counterclaim operates as a claim against the estate, and therefore subjects the defendant to the equitable power of the Bankruptcy Court to allow and disallow claims, just as if the defendant had filed a formal Proof of Claim. In these cases, it is generally found that the defendant is divested of its right to a jury trial because the counterclaim converted the trustee's action into an equitable proceeding involving the claims-allowance process.

The equitable nature of the proceeding is most evident in cases in which the defendant seeks affirmative relief against the estate.

In short, the defendant did not lose its right to a jury trial by filing a counterclaim and thereby waiving the right. Instead, the defendant lost its right to a jury trial by filing a counterclaim and thereby seeking a piece of the disputed res, the debtors' estate, which was subject to the bankruptcy court's equitable power to allow and disallow claims. Regardless of whether the counterclaim was permissive or compulsory, it represented the defendant's attempt to obtain a portion of the debtor's estate. As a result, it was a claim against the estate, and it triggered the non-jury, public rights process of allowing and disallowing claims in the bankruptcy court.

*In re Northeastern Graphic Supply, Inc.*, 2003 WL 22848944, at *5 (Bankr.D.Me. Dec. 2, 2003). Since the defendant's counterclaim implicated the Bankruptcy Court's claims-allowance function, the Court in *Northeastern Graphic* concluded that it transformed the parties' dispute into an equitable proceeding that was triable without a jury. *In re Northeastern Graphic Supply, Inc.*, 2003 WL 22848944, at *5.

Similarly, in *In re Warmus*, 276 B.R. 688 (S.D.Fla.2002), the Court also focused on the nature of the relief sought by the defendant in the counterclaim, and determined that the defendant waived or forfeited his right to a jury trial by seeking an affirmative recovery from the estate.

[D]espite this conclusion that the counterclaim is compulsory, the claim nonetheless seeks damages from the bankruptcy estate. Therefore, the counterclaim is akin to the filing of a claim, and does act as a waiver as to the right to a jury trial. (Citations omitted). The fact that [the defendant] is forced to make his counterclaim in this proceeding is irrelevant to the Supreme Court's decisions that seeking money from the bankruptcy estate acts as a waiver of the right to a jury trial under the bankruptcy scheme set up by Congress.

*In re Warmus*, 276 B.R. at 693. In reaching this decision, the District Court in *Warmus* agreed with the Bankruptcy Court's conclusion that the defendant's jury demand was properly stricken because his counterclaim sought damages from the debtor's estate, which was subject to the Bankruptcy Court's equitable powers. *In re Warmus*, 276 B.R. at 693, affirming in part *In re Warmus*, 252 B.R. 584, 588 (Bankr.S.D.Fla.2000).

As suggested in the passages quoted above, some Courts have distinguished between permissive counterclaims and com-

pulsory counterclaims, and determined that counterclaims that are compulsory under Rule 13 of the Federal Rules of Civil Procedure do not divest the defendant of its right to a jury trial. See *In re Trinsic, Inc.*, 2008 WL 748394, at *2 (S.D.Ala.). These Courts reason that compulsory counterclaims are not indicative of the defendant's submission to the equitable jurisdiction of the Bankruptcy Court, since the claim would be barred if not asserted by the defendant in the pending proceeding. *Control Center, L.L.C. v. Lauer*, 288 B.R. 269, 283–84 (M.D.Fla.2002).

Regardless of these decisions, most Courts recognize the prevailing view that a defendant loses its right to a jury trial by filing a counterclaim for affirmative relief in an action commenced by the trustee, because the counterclaim operates as a claim against the estate and thereby invokes the equitable powers of the Bankruptcy Court.

"The bankruptcy court noted that a majority of courts find that the filing of a counterclaim submits the party making the claim to the equitable jurisdiction of the bankruptcy court, thereby divesting the party of its right to a trial by jury." *In re Trinsic*, 2008 WL 748394, at *2, referring to *In re Trinsic*, 2008 WL 541297, at *7 (Bankr.S.D.Ala., Feb. 25, 2008). "[A]n overwhelming majority of courts have determined that parties who file counterclaims, whether permissive or compulsory, trigger the bankruptcy court's process of allowance and disallowance of claims, thereby subjecting themselves to the equitable power of a bankruptcy court, waiving their Seventh Amendment right to a jury trial." *Control Center, L.L.C. v. Lauer*, 288 B.R. at 281(cited in *In re Floors & More, Inc.*, 2007 WL 3541524, at *1 (Bankr.D.Neb., Nov. 13, 2007)).

As the Court concluded in *In re Price*, 346 B.R. 857, 862 (Bankr.M.D.Ala.2006),

the defendant invoked the equitable jurisdiction of the Bankruptcy Court by filing a counterclaim against the trustee of the bankruptcy estate, and therefore lost her entitlement to a jury trial of the proceeding.

### III. Application

In this case, the issue is whether ADP is entitled to a trial by jury of the claims set forth in the Trustee's Complaint and ADP's Counterclaim. The Court finds that the Complaint and Counterclaim contain a mixture of legal and equitable claims that would generally be triable by jury under the Seventh Amendment, By filing two separate Proofs of Claim in the main bankruptcy case, however, and also by asserting a Counterclaim against the Trustee of the Chapter 7 estate, Alternative Debt Portfolios, L.P. and Alternative Debt Portfolios, L.L.C. have submitted to the equitable power of the Bankruptcy Court to allow and disallow claims, and are therefore divested of the right to a trial by jury.

#### A. Legal or equitable claims

As set forth above, actions that are legal in nature are entitled to a trial by jury pursuant to the Seventh Amendment. No right to a trial by jury exists, however, as to actions that are equitable in nature. *In re Duffy*, 317 B.R. at 50; *In re Quarles*, 294 B.R. at 729. Actions seeking monetary relief are generally legal in nature and therefore triable by jury. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. at 352, 118 S.Ct. 1279. Actions seeking restitution or a restoration of the status quo, on the other hand, are generally equitable in nature and therefore not triable by jury. *In re Hechinger Investment Company of Delaware*, 327 B.R. 537, 544–45 (D.Del.2005).

To determine whether a particular action is legal or equitable, Courts consid-

er both the nature of the underlying claim and the remedy sought by the claimant. *In re G–I Holdings, Inc.,* 380 F.Supp.2d 469, 472 (D.N.J.2005)(quoting *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 348, 118 S.Ct. 1279, 140 L.Ed.2d 438 (1998)). Of the two factors, the type of remedy requested is given the "greater weight," and is the "more important" factor. *Pereira v. Farace,* 413 F.3d 330, 339 (2d Cir.2005).

In this case, the Trustee's Complaint includes an action for a determination that ADP's lien is invalid (Count I), an action for a determination that the Purchase Agreement is void (Count III), and an action for an accounting (Count IX). Similarly, ADP's Counterclaim includes an action for a determination that it is the owner of the Patient Contracts (Count I). These Counts appear to constitute traditionally equitable actions to which no right to a jury trial attaches.

The Trustee's Complaint, however, also includes an action for damages for fraud (Count IV), an action for damages for negligent misrepresentation (Count V), and an action for damages for conversion of funds (Count VII). Further, ADP's Counterclaim includes an action for damages for breach of contract (Count II) and an action for damages for breach of the covenant of good faith (Count III). In these Counts, the Trustee and ADP are seeking money damages, and all of the injuries alleged are compensable by a money judgment. Where a party seeks a money judgment as its remedy, the action is traditionally an action at law and therefore triable by jury. *In re RDM Sports Group, Inc.,* 260 B.R. 915, 920 (Bankr.N.D.Ga.2001).

■■■ "When an action involves a combination of both legal and equitable claims, 'the right to jury trial on the legal claim, including all issues common to both claims, remains intact.'" *In re Seminole Walls &*

*Ceilings Corp.,* 336 B.R. 539, 546 (Bankr.M.D.Fla.2006)(quoting *Curtis v. Loether,* 415 U.S. 189, 196 n. 10, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974)). "When legal and equitable claims are joined in the same action, the right to jury trial on the legal claims, including all issues common to both claims, remains intact." *Burns v. Lawther,* 53 F.3d 1237, 1242 (11th Cir.1995)(quoted in *Control Center, L.L.C. v. Lauer,* 288 B.R. at 278 n. 26).

In this case, the Court finds that the Trustee's Complaint and ADP's Counterclaim contain a mixture of legal claims and equitable claims. According to the authorities cited above, therefore, the right to a jury trial exists as to many issues in this proceeding, and ADP is entitled to a trial by jury unless it has otherwise submitted to the equitable jurisdiction of the Bankruptcy Court.

### B. The Proofs of Claim

■■■ The filing of a proof of claim "invokes the claims-allowance process and the creditor subjects itself to the equitable jurisdiction of the Court thereby waiving its right to a jury trial as to any issue that bears directly on the claims-allowance process." *In re Worldcom, Inc.,* 378 B.R. at 754–55.

In this case, Alternative Debt Portfolios, L.P. filed two separate Proofs of Claim in the Chapter 7 case. The first claim, which was assigned Claim Number 296, was filed as an unsecured claim in the amount of $11,930,067.44, plus unspecified damages, interest, attorney's fees and costs. The second claim, which was assigned Claim Number 297, was filed as a secured claim in the same amount

In an attachment to the Claims, Alternative Debt Portfolios, L.P. asserted that the sum of $11,930,067.44 represented "gross cash due to ADP as of Petition Date," and

that the unliquidated damages requested in the Claims represented amounts owed to it for "breach of contract, breach of the covenant of good faith and fair dealing, fraud, extortion, intentional interference with contract, violations of TRO and various other tort claims." The Claims were filed in the alternative, and Alternative Debt Portfolios, L.P. stated that it did not seek a "double recovery."

It is clear that the Proofs of Claim constitute a request for distribution from the Chapter 7 estate. Accordingly, Alternative Debt Portfolios, L.P. has triggered the claims-allowance process and subjected itself to the Bankruptcy Court's equitable power to restructure the debtor-creditor relationship. *Langenkamp*, 498 U.S. at 44–45, 111 S.Ct. 330.

Further, it is also clear that the Claims filed by Alternative Debt Portfolios, L.P. relate directly to ADP's dispute with the Trustee in this adversary proceeding. See *In re Worldcom, Inc.*, 378 B.R. at 754–55. The "tort claims" identified in the attachment to the Claims, for example, are virtually identical to certain of the claims asserted by ADP in its Counterclaim against the Trustee.

Under these circumstances, the Court finds that Alternative Debt Portfolios, L.P. has submitted to the equitable power of the Bankruptcy Court to determine the allowance or disallowance of its Claims, and thereby transformed its dispute with the Trustee into an equitable dispute over a share of the estate. Consequently, Alternative Debt Portfolios, L.P. is divested of its right to a jury trial in this adversary proceeding.

## C. The Counterclaim

As shown above, the principles set forth by the Supreme Court in *Granfinanciera* and *Langenkamp* are also applied to cases in which a trustee files an adversary proceeding on behalf of a bankruptcy estate, and the defendant in the adversary proceeding asserts a counterclaim against the trustee. Generally, Courts have found that the filing of the counterclaim operates as a claim against the estate, and therefore subjects the defendant to the equitable power of the Bankruptcy Court. In these cases, the defendant is divested of its right to a jury trial because of the equitable nature of the proceeding.

In this case, the Trustee filed a Complaint against ADP and asserted nine separate causes of action. In response, Alternative Debt Portfolios, L.P. and Alternative Debt Portfolios, L.L.C., as co-counterplaintiffs, filed a Counterclaim against the Trustee, and set forth five claims or causes of action against the Trustee "in his Capacity as the Chapter 7 Trustee of the E–Z Pay Services, Inc. Bankruptcy Estate." (Doc. 32, p. 10). At the outset of the Counterclaim, the counterplaintiffs define themselves jointly as "ADP," and all of the allegations and requests for relief in the Counterclaim are made by "ADP."

It is clear that the Counterclaim relates to ADP's debtor-creditor relationship with the Debtor, and seeks affirmative monetary relief from the estate. In Count II of the Counterclaim, for breach of contract, ADP asserts that it "has been damaged in an amount not less than $10,000, plus attorney's fees and costs" as a result of the Debtor's breach. (Doc. 32, ¶ 31), In Count III, for breach of the covenant of good faith and fair dealing, ADP asserts that it has suffered damages as a result of the Debtor's breach "in an amount to be proven at trial." (Doc. 32, ¶ 37). In Count IV, for intentional and/or negligent misrepresentation, ADP asserts that it has been damaged in an amount not less than $10,000.00 as a result of the Debtor's conduct, and that the "Estate is liable to ADP

for punitive damages as a result of E–Z Pay's intentional misrepresentations." (Doc. 32, ¶¶ 44, 45). Finally, in Count V of the Counterclaim, for intentional interference with contractual relations, ADP asserts that it has been damaged by the Debtor's conduct in an amount not less than $10,000.00, and specifically requests an award of compensatory damages in excess of $10,000.00, "punitive damages in an amount to be proven at trial," and reasonable attorney's fees and costs.

ADP's Counterclaim, therefore, is readily distinguishable from the counterclaim at issue in *Container Recycling Alliance v. Lassman*, 359 B.R. 358, 365 (D.Mass.2007). In that case, the counterclaim sought only "recoupment" as a defense against the trustee's claim, but did not seek any affirmative relief from the estate. Accordingly, the Court found that the defendant did not lose its right to a jury trial by virtue of its assertion of the counterclaim.

Given the affirmative monetary relief requested in the Counterclaim in this case, however, the Court finds that ADP submitted its claims to the equitable jurisdiction of the Bankruptcy Court and thereby divested itself of its right to a jury trial. By virtue of its Counterclaim, ADP is attempting to obtain a portion of the Debtor's estate, and has therefore triggered the "non-jury" process of allowing and disallowing claims. *In re Northeastern Graphic Supply, Inc.*, 2003 WL 22848944, at *5.

Further, it should be noted that Rule 7013 of the Federal Rules of Bankruptcy Procedure provides:

### Rule 7013. Counterclaim and Cross–Claim

Rule 13 F.R.Civ.P. applies in adversary proceedings, except that a party sued by a trustee or debtor in possession need not state as a counterclaim any claim that the party has against the debtor, the debtor's property, or the estate, unless the claim arose after the entry of an order for relief.

F.R. Bankr.P. 7013(Emphasis supplied). Under this Rule, "a counterclaim brought in an adversary proceeding is compulsory only if the claim arose after the initiation of bankruptcy proceedings." *Control Center, L.L.C. v. Lauer*, 288 B.R. at 285.

In this case, ADP's claim against the estate did not arise after the filing of the Debtor's bankruptcy petition. Consequently, even though ADP's Counterclaim may be compulsory under Rule 13(a) of the Federal Rules of Civil Procedure, because it "arises out of the transaction or occurrence that is the subject matter" of the Trustee's Complaint, it appears that the Counterclaim is permissive under Rule 7013 of the Bankruptcy Rules. As a permissive Counterclaim, ADP's action against the Trustee would not be barred if ADP had failed to assert it in response to the Trustee's Complaint. Accordingly, the Court finds that ADP submitted to the equitable jurisdiction of the Bankruptcy Court by filing the Counterclaim.

Of course, the District Court for the Middle District of Florida has recognized that "an overwhelming majority of courts have determined that parties who file counterclaims, *whether permissive or compulsory*, trigger the bankruptcy court's process of allowance and disallowance of claims, thereby subjecting themselves to the equitable power of a bankruptcy court, waiving their Seventh Amendment right to a jury trial." *Control Center, L.L.C. v. Lauer*, 288 B.R. at 281(Emphasis supplied). According to an "overwhelming majority" of Courts, therefore, the nature of the counterclaim as compulsory or permissive is irrelevant to an analysis of the defendant's right to a jury trial. The controlling factor is whether the defendant is seeking monetary relief from the bank-

ruptcy estate. *In re Warmus*, 276 B.R. at 693.

In conclusion, the Court finds that ADP filed a Counterclaim against the Trustee that seeks an affirmative recovery from the bankruptcy estate. Consequently, ADP submitted its Counterclaim to the equitable powers of the Bankruptcy Court, and is therefore divested of its right to a trial by jury in this proceeding.

## IV. Conclusion

The issue before the Court is whether ADP is entitled to a trial by jury of the claims set forth in the Trustee's Complaint and ADP's Counterclaim. The Court finds that the Complaint and Counterclaim contain a mixture of legal and equitable claims. Accordingly, the Seventh Amendment right to a trial by jury attaches to many of the claims asserted in this proceeding.

The Court further finds, however, that ADP is divested of its right to a jury trial because (1) Alternative Debt Portfolios, L.P. filed two separate Proofs of Claim that requested a distribution from the estate; and (2) Alternative Debt Portfolios, L.P. and Alternative Debt Portfolios, L.L.C. collectively filed a Counterclaim against the Trustee that also seeks an affirmative recovery from the bankruptcy estate. As a result of the Claims and Counterclaim, ADP submitted to the equitable power of the Bankruptcy Court to allow and disallow claims, and thereby transformed its dispute with the Trustee into an equitable dispute over a share of the estate.

Accordingly:

**IT IS ORDERED** that the Motion to Set Case for Jury Trial filed by the Defendants, Alternative Debt Portfolios, L.P. and Alternative Debt Portfolios, L.L.C., is denied to the extent that the Defendants

request a trial by jury of the claims set forth in this proceeding.